IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISABEL CHRISTIA RUBIO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-18-3307 |
| | § | |
| BONIAL & ASSOCIATES, P.C., | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] are JPMorgan Chase Bank, N.A.'s ("JPMorgan") Motion to Dismiss (Doc. 4), Texas Department of Banking,[2] and Texas Secretary of State's Motion to Dismiss (Doc. 5), and Bonial & Associates, P.C.'s ("Bonial") Motion to Dismiss (Doc. 6). The court has considered the motions, the responses, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motions be **GRANTED**.

## I.  Case Background

Plaintiff filed this lawsuit in state court purportedly trying to block the sale of her property.

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 11, Ord. Dated Oct. 1, 2018.

[2] Plaintiff incorrectly named Defendant Texas Department of Banking as the Texas Department of Business Oversight in her complaint. The Texas Department of Banking has answered and asserted that the Texas Department of Business Oversight does not exist. The court assumes that the Texas Department of Banking is the correct party.

A.  **Factual Background**

Plaintiff's entire complaint is devoid of any factual allegations specific to Plaintiff or Defendants. As Defendant JPMorgan points out, Plaintiff copied her lengthy complaint from a website and has merely filled in the blanks with her name, Defendants' names, the applicable State, the applicable County, and her loan number.[3] Everything else contained in Plaintiff's complaint appears to be the pseudo-legal ramblings copied from the website. Included in Plaintiff's complaint are multiple references to: (1) a nonexistent trust agreement with the court acting as a fiduciary; (2) Trustee Corp., LLC, and a Pooling Service Agreement - both appear to be unrelated to Plaintiff or Defendants and are only in Plaintiff's complaint because they were in the form she found online; (3) unconstitutional acts of Franklin D. Roosevelt; and (4) numerous other items that are unrelated to Plaintiff's mortgage.[4]

From the pleadings of Defendants, it appears that Plaintiff filed this lawsuit in an attempt to prevent the non-judicial foreclosure sale of her property located at 2706 Durham Chase Lane,

---

[3] See Doc. 1-1, Ex. A-3 to Def. JPMorgan's Not. of Removal, Pl.'s Compl.; SATCOMM, https://satcomm911.com/PDFS/files/1.%20P.D.F.'s/COMMON%20LAW%20LAW%20SUIT.docx (providing link to a fill-in-the-blank version of Plaintiff's complaint) (last visited Dec. 20, 2018).

[4] See Doc. 1-1, Ex. A-3 to Def. JPMorgan's Not. of Removal, Pl.'s Compl. pp. 3, 13, 24.

Katy, Texas 77449.[5]

B. **Procedural Background**

Plaintiff filed this action against Bonial, JPMorgan, the Texas Department of Banking, and the Texas Secretary of State in County Court at Law Number One of Harris County, Texas, on August 14, 2018.[6] JPMorgan removed the action to this court on September 17, 2018.[7] On September 24, 2018, JPMorgan filed its pending motion to dismiss.[8] Also, on September 24, 2018, the Texas Department of Banking and the Texas Secretary of State filed their pending motion to dismiss.[9] On September 25, 2018, Bonial filed its pending motion to dismiss.[10] On October 3, 2018, the court extended Plaintiff's response deadline to the motions to October 19, 2018.[11]

On October 15, 2018, in a document titled "Notice of Objection to All Affidavit Entered on the Record by the Third Parties Attorneys and Objection to Motion to Dismiss . . .," Plaintiff objected to and purported to respond to all three motions to

---

[5] See Doc. 4, JPMorgan's Mot. to Dismiss p. 1.

[6] See Doc. 1-1, Ex. A-3 to Def. JPMorgan's Not. of Removal, Pl.'s Compl.

[7] See Doc. 1, Not. of Removal.

[8] See Doc. 4, JPMorgan's Mot. to Dismiss.

[9] See Doc. 5, State Defs.' Mot. to Dismiss.

[10] See Doc. 6, Bonial's Mot. to Dismiss.

[11] See Doc. 12, Ord. Dated Oct. 23, 2018.

dismiss.[12]  On November 7, 2018, JPMorgan filed a reply to Plaintiff's response.[13]  The other defendants did not file replies.  On November 14, 2018, Plaintiff filed a motion seeking a sixty-day extension for a response to an unnamed motion.[14]  The court denied Plaintiff's request for an extension, finding that Plaintiff failed to state facts justifying a sixty-day extension to file a second response to the motions to dismiss.[15]

## II.  Legal Standard

Defendants file for dismissal of Plaintiff's lawsuit pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts.  Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)). The court may also consider, in addition to the complaint itself, "any documents attached to the complaint[] and any documents attached to the motion to dismiss that are central to the claim and referenced by

---

[12]    See Doc. 15, Pl.'s Resp. to Defs.' Mots. to Dismiss.

[13]    See Doc. 17, JPMOrgan's Reply to Pl.'s Resp. to Mot. to Dismiss.

[14]    See Doc. 19, Pl.'s Mot. for Extension of Time.

[15]    See Doc. 20, Ord. Dated Nov. 14, 2018.

the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

### III. Analysis

Plaintiff's complaint is insufficient to meet the low pleading standard of Rule 12(b)(6).[16] There is no factual content contained in Plaintiff's complaint that would allow the court to draw a reasonable inference that any Defendant is liable for any misconduct. At best, Plaintiff's complaint contains nothing more than conclusory allegations buried under an avalanche of legal

---

[16] See Doc. 1-1, Ex. A-3 to Def. JPMorgan's Not. of Removal, Pl.'s Compl.

quotations. Plaintiff's response to Defendants' motions is incomprehensible and fails to make a cogent legal argument in response. If it were not for Defendants' pleadings, the court would be left to speculate as to why this lawsuit was filed.

Plaintiff's complaint lacks any substance related to her mortgage other than the mention of her loan number. For these reasons, Plaintiff's lawsuit should be dismissed under Rule 12(b)(6).

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' Motions be **GRANTED** and that Plaintiff's lawsuit be **DISMISSED.**

The court may reconsider this recommendation if Plaintiff files, along with a timely-filed objection to this Memorandum, a proposed amended complaint that sets forth the relevant facts and causes of action in a clear and concise manner, omitting the extraneous legal quotations and citations present in her original complaint.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 21st day of December, 2018.

_____
U.S. MAGISTRATE JUDGE