UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Isabel Christina Rubio, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action H-18-3307 |
| § | |
| Bonial & Associates, P.C., et al., § | |
| § | |
| Defendants. § | |

## Memorandum Opinion and Order

Pending before the court is a memorandum and recommendation ("M&R") filed by Magistrate Judge Nancy Johnson. Dkt. 24. Defendants JP Morgan Chase Bank, N.A., Texas Department of Banking, Texas Secretary of State, and Bonial & Associates, P.C. (collectively, "Defendants") all filed motions to dismiss. Dkts. 4, 5, 6. The Magistrate Judge recommends granting all motions. Dkt. 24. Plaintiff Isabel Rubio filed objections to the M&R (Dkt. 27), and Defendants responded (Dkt. 30). After considering the M&R, objections, evidence, and applicable law, the court is of the opinion that the M&R should be ADOPTED IN FULL.

## II. Legal Standard

A party may file objections to a Magistrate Judge's ruling within fourteen days of being served with a copy of a written order. Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(C). The standard of review used by the district court depends on whether the Magistrate Judge ruled on a dispositive or non-dispositive motion. *See* Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(C). District courts must determine de novo any part of the Magistrate Judge's disposition to which there is a timely objection. *See* Fed. R. Civ. P. 72(b)(3).

## III. ANALYSIS

The court has conducted a de novo review of the M&R, Rubio's objections, Defendants' response and the operative complaint. The court concludes that Rubio has failed to state a claim upon which relief can be granted.

In the M&R, the Magistrate Judge found that Rubio's complaint was defective because it was nothing more than conclusory allegations buried under an avalanche of legal quotations." Dkt. 24 at 5–6. The Magistrate Judge also stated that "[t]he court may reconsider this recommendation if Plaintiff files, along with a timely-filed objection to this Memorandum, a proposed amended complaint that sets forth the relevant facts and causes of action in a clear and concise manner, omitting the extraneous legal quotations and citations present in her original complaint." *Id.* at 6. Rubio's objections failed to include a proposed amended complaint in compliance with the Magistrate Judge's direction. Instead, Rubio filed a seventy-five page document entitled "Judicial Notice" that contained the same type of argumentative and conclusory language that the Magistrate Judge found failed to state a claim. *See* Dkt. 31. Rubio also filed a document entitled "Writ of Praecipe Subpoena Due to Fraud and 4th Amendment Violation" (Dkt. 32) which is similarly incomprehensible. Based on these filings, the court concludes that Rubio has forfeited her ability to replead via an amended complaint.

## IV. CONCLUSION

Rubio's objections (Dkt. 27) are OVERRULED. The M&R (Dkt. 24) is ADOPTED IN FULL. This action will be dismissed by separate order.

Signed at Houston, Texas on March 6, 2019.

_____
Gray H. Miller
Senior United States District Judge